86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruth QUINTANILLA-REYES de GUTIERREZ; Valodia
Gutierrez-Quintanilla; Daniel Noel
Gutierrez-Simpson, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70923.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1996.*
Decided May 23, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruth Quintanilla-Reyes de Gutierrez, her husband, and their minor son, natives and citizens of Nicaragua, petition for review of the dismissal by the Board of Immigration Appeals ("BIA") of their appeal from an immigration judge's decision finding them deportable as charged and denying their applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a), 1253(h). We deny the petition for review.
 
 
 3
 * Quintanilla contends that the BIA erred in refusing to grant the family asylum under 8 U.S.C. § 1158(a). We disagree.
 
 
 4
 Under § 1158(a), an alien "may be granted asylum in the discretion of the Attorney General" if that alien is found to be a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). That section, in turn, requires that a refugee demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).
 
 
 5
 An alien must demonstrate both that he has a subjective genuine fear of persecution and that this fear is objectively reasonable. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (citing Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991)). "The objective inquiry requires a showing by credible, direct, and specific evidence of facts." Id. (internal citation and quotations omitted). We reverse the BIA's decision "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).
 
 
 6
 * Quintanilla first contends that her family endured economic hardship sufficient to demonstrate persecution. Under certain circumstances, economic hardship may support a claim of persecution, Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969), but the record does not support such a claim here. Quintanilla contends that her family was denied lawful access to food, forcing her to resort to the black market "in order to provide enough food for her family." At the hearing, however, Quintanilla acknowledged that in fact the Sandinistas merely revoked a special food rations card, provided as a privilege to radio employees:
 
 
 7
 Q. How did you obtain food [after the ration card was revoked]?
 
 
 8
 A. I would go out to buy [it] at the stores, at the grocery stores. But I could not obtain enough products like the ones they gave us at the radio.
 
 
 9
 ....
 
 
 10
 Q. So, in other words, people working at the radio were treated better than, say, people who were not working at the radio?
 
 
 11
 A. Of course .. of course.
 
 
 12
 C.A.R. 86 (Transcript of Hearing, Oct. 24, 1989).
 
 
 13
 The loss of privileges associated with working for the government does not constitute severe economic hardship sufficient to demonstrate persecution; the BIA did not err.
 
 B
 
 14
 Quintanilla next contends that she and her husband were persecuted because they were not permitted to continue with their professional careers. Again, the record does not support her claim. Quintanilla's husband concedes that after he resigned from the government in 1982, he had a successful career as a independent contractor until he left Nicaragua. C.A.R. 132 (Transcript of Hearing, June 4, 1991). Likewise, the record shows that Quintanilla continued to work for the radio until she left the country, and remained on salary even longer. C.A.R. 224-25. The BIA did not err.
 
 II
 
 15
 Quintanilla also seeks withholding of deportation under 8 U.S.C. § 1253(h), which requires that the alien demonstrate a "clear probability of persecution." Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (citations omitted). "A 'clear probability' means that the applicant will more likely than not be persecuted if deported[;] [t]his is a more stringent standard than the 'well-founded fear' standard" required for asylum. Id. (citations omitted). Having failed to meet the less stringent test for asylum, Quintanilla necessarily fails to meet the test for withholding of deportation. Id.
 
 
 16
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3